IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TODD FRANKFORT**, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-2283-L** |
| § | |
| **METROPOLIS TECHNOLOGIES, INC.,** § | |
| § | |
| Defendant. § | |

# ORDER

On August 29, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 27) was entered, recommending that the court grant Defendant's' Motion to Dismiss (Doc. 11) pursuant to Federal Rule of Civil Procedure 12(b)(6) but dismiss without prejudice Plaintiffs' claims for alleged violations of the Federal Debt Collection Practices Act ("FDCPA"), the Texas Fair Debt Collection Practices Act ("TDCPA"), and the Texas Deceptive Trade Practices Act ("DTPA"). Having determined that these claims by Plaintiffs fail to state plausible claims for relief upon which relief can be granted, the magistrate judge further concluded that Plaintiffs are not entitled to declaratory or injunctive relief. The magistrate judge nevertheless recommended that the court grant Plaintiffs' request to amend their pleadings included in their response to Defendant's Motion to Dismiss, reasoning that Plaintiffs have not previously amended, courts generally afford plaintiffs an opportunity to amend unless amendment would be futile, and Defendant did not argue in its reply brief that amendment would be futile. In addition, the magistrate judge recommends that the court deny as moot Plaintiffs' Motion for Class Certification (Doc. 14) if it agrees with the recommendation regarding Defendant's Motion to Dismiss. For the reasons herein explained, the court **accepts to the extent**

Order – Page 1

**addressed in and supplemented and modified by this order** the magistrate judge's findings and conclusions with respect to Plaintiffs' FDCPA claim; **grants** Defendant's Motion to Dismiss (Doc. 11) Plaintiffs' FDCPA claim; **dismisses with prejudice** this claim; and **declines** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

On September 12, 2025, Plaintiffs filed objections to the Report (Doc. 28), contending once again that they have adequately and plausibly pleaded claims for alleged violations of the FDCPA, TDCPA, and DTPA such that Defendant's Motion to Dismiss should be denied. In the event the court disagrees, Plaintiffs request that the court accept the magistrate judge's recommendation that they should be allowed to amend their pleadings to cure any deficiencies.

With respect to Plaintiffs' FDCPA claim, Defendant argues, among other things, that it is entitled to dismissal of this claim because it does not qualify as a debt collector under the statute. The magistrate judge agreed and determined that Plaintiffs have not plausibly alleged that Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). As correctly noted by the magistrate judge, § 1692a(6) expressly states that the term debt collector does not include any person collecting or attempting to collect any debt owed that "concerns a debt which was originated by such person." Doc. 27 at 16, 18 (quoting § 1692a(6)(F)(ii)). In response to Defendant's Motion to Dismiss, Plaintiffs contend that a fact issue exists as to whether Defendant regularly collects debts owed or due to others. Plaintiffs, however, do not dispute that the alleged debt sought to be collected here by Defendant also originated with Defendant. Moreover, Plaintiffs' entire theory of the case is that the alleged debt that forms the basis for their FDCPA claim originated with Defendant. Plaintiffs continue to argue in their objections that they adequately allege that Defendant's collection efforts is not limited to debts owed to it. Plaintiffs, however, fail to address the limitation in § 1692a(6)(F)(ii) that debt collectors under the statute do

not include those that collect or attempt to collect debts originated by such person or entity. Thus, Plaintiffs' FDCPA claim fails as a matter of law, as § 1692a(6)(F)(ii) expressly excludes from the definition of debt collector any person collecting debts originated from the person. *See* 15 U.S.C. § 1692a(6)(F)(ii) (The term "debt collector" . . . does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another *to the extent such activity . . . concerns a debt which was originated by such person*.") (emphasis added).

Although Defendant did not move to dismiss Plaintiffs' FDCPA claim on this precise ground, the magistrate judge's Report *sua sponte* raised this additional ground for dismissal and put Plaintiffs on notice that it could be a basis for dismissal. Therefore, Plaintiffs had sufficient notice and opportunity to respond within the fourteen-day period for filing objections to the Report. *See Jones v. City of Dallas*, 2025 WL 2491127, at *6 (Aug. 29, 2025) (concluding that "[a] magistrate judge's report and recommendation constitutes sufficient notice and opportunity [to respond], as the parties can submit objections to the recommended findings and conclusions) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)). As noted, however, Plaintiffs' objections are insufficient to overcome the fatal and incurable flaw in their pleadings regarding their FDCPA claim. Accordingly, rather than allow Plaintiffs to amend their FDCPA claim pursuant to Federal Rule of Civil Procedure 15(a), the court determines that it should be and is hereby **dismissed with prejudice** because any attempt at amendment would be futile and unnecessarily delay the resolution of the FDCPA claim.[1] Moreover, Plaintiffs do not explain in their objections how they would amend to cure this deficiency if given the opportunity. *See Scott*

---

[1] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 3**

*v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. . . . If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted)).

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. The general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citation omitted); *Brookshire Bros. Holding, Inc. v. Dayco Prod., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009) (explaining that, generally, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").

This case has not been set for trial, no scheduling order has been entered, and the court has determined that Plaintiffs' only federal claim under the FDCPA should be dismissed with prejudice. The general rule, therefore, applies, and the court exercises its discretion to **decline** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The factors relevant to whether supplemental jurisdiction should be exercised also weigh in favor of the court not exercising jurisdiction over Plaintiffs' remaining state law claims. The statutory factors include: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing 28 U.S.C. § 1367(c)) (other citations omitted). "The common law factors . . . include judicial

economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 159 (citation omitted).  As consideration of these factors support application of the general rule within the Fifth Circuit, the court **dismisses without prejudice** Plaintiffs' remaining state law claims, which may be reurged in the appropriate state court within the time allowed by 28 U.S.C. § 1367(d).

Accordingly, having considered the Motion to Dismiss, the parties' briefs, the file, record in this case, and Report, and having conducted a de novo review of the portion of the Report to which objection was made by Plaintiffs (as necessary to resolve the issue regarding Plaintiffs' FDCPA claim that is addressed in this order), the court determines that the findings and conclusions of the magistrate judge are correct **to the extent addressed in and supplemented and modified by this order**, and it accepts them as those of the court **to the extent addressed in and supplemented and modified by this order**. The court, therefore, **overrules** Plaintiffs' objections regarding its FDCPA claim (Doc. 28) and **grants in part and denies in part as moot** Defendant's Motion to Dismiss (Doc. 11).  The Motion to Dismiss (Doc. 11) is **granted** to the extent that Plaintiffs' FDCPA claim is **dismissed with prejudice**. Defendant's Motion to Dismiss (Doc. 7) is otherwise **denied as moot** in light of the court's decision to **decline** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, which are **dismissed without prejudice**. This determination by the court also **moots** Plaintiffs' Motion for Class Certification (Doc. 14) and the conclusory request in their Complaint for "[a] declaration and injunctive relief altering or suspending [Defendant's] Violation Fine Scheme,"[2] which are **denied as moot** to the

---

[2] Doc. 1 ¶ 71(a). In their objections to the Report, Plaintiffs recognize that the magistrate judge's recommendation regarding their request for declaratory or injunctive relief "rises and falls with the merits" of their claims for alleged violations of the FDCPA, TDCPA, and DTPA. Having declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, the court expresses no opinion regarding the merits of these claims, the parties' arguments regarding these claims, or the magistrate judge's recommended disposition of these claims, all of which are now **moot**. Likewise, the court expresses no opinion regarding the merits of Plaintiffs' request for declaratory and injunctive relief that is based on their state claims.

**Order – Page 5**

extent based on Plaintiffs' FDCPA claim and **denied without prejudice** to the extent based on Plaintiffs' state law claims.

    **It is so ordered** this 16th day of September, 2025.

Sam A. Lindsay
United States District Judge